Compiler

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0023-08 |
| vs. | |
| | DECISION AND ORDER |
| DAMIANO TONY, | Defendant's Motion for Diversion |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on July 6, 2009, for a hearing on Damiano Tony's ("Defendant") Motion for Diversion. Attorney Sally A. Tobin appeared on behalf of the People of Guam ("the People"). Attorney Pablo M. Aglubat appeared on behalf of the Defendant. Upon review of the oral and written arguments and legal authorities presented by both attorneys, the court hereby issues this Decision and Order.

## FACTUAL HISTORY

On January 15, 2008, the Defendant was arrested and subsequently charged with two counts of Second Degree Criminal Sexual Conduct as a First Degree Felony, in violation of 9 G.C.A. §§ 25.20 (a)(1) and (b). It is alleged that the Defendant intentionally engaged in sexual

The People of Guam vs. Damiano Tony CF0023-08
Decision and Order – Motion for Diversion

Page 1 of 4

contact with the victim, who is a minor under fourteen years of age. The Defendant is before the court on a motion for an order granting diversion pursuant to 9 G.C.A. § 30.80 (e).

## DISCUSSION

The Defendant argued that because he is not specifically ineligible for the diversion process pursuant to 9 G.C.A. § 30.80 (a), he is entitled to apply to the court for a diversion order under 9 G.C.A. § 30.80 (e), because he has no prior felony convictions; he has not been diverted pursuant to § 30.80; he has not been sentenced for a violation of § 30.40 of Chapter 30 and because the Defendant's current charge involves no serious bodily injury or sexual penetration. The People argued under 9 G.C.A. § 30.80 (b) the fact that a defendant is not made ineligible by subsection (a) of this section does not automatically entitle a defendant to the diversion process. Because the Defendant is not ineligible for the diversion process under 9 G.C.A. § 30.80 (a), he is properly before the court on a noticed motion for diversion order under 9 G.C.A. § 30.80 (e) and is allowed to apply.

In determining the Defendant's eligibility for diversion the court must decide whether the Defendant should be referred to an education and treatment program directed specifically at the violent conduct of the Defendant. 9 G.C.A. § 30.80.1 (a). The threshold issue is whether the Defendant's conduct is "violent" as contemplated by 9 G.C.A. § 30.80.1? The definition of family violence is found in 9 G.C.A. § 30.10 (a) (1 and 2). It states "Attempting to cause or causing bodily injury to another family or household member or placing a family or household member in fear of bodily injury." Further, bodily injury has been defined as physical pain, illness, unconsciousness or any impairment of physical condition under 9 G.C.A. § 16.10 (b).

Additionally, the Court must also consider three factors (1) the nature and extent of the injury inflicted upon the victim, (2) any prior incidents of family violence by the Defendant, and

The People of Guam vs. Damiano Tony CF0023-08
Decision and Order – Motion for Diversion

Page 2 of 4

(3) any factors which would adversely influence the likelihood of successful completion of the diversion process according to 9 G.C.A. § 30.80.1 (a). The Defendant argued that the extent of the injury to the victim is non-existent. He argued that the five year old victim suffered no physical injuries, that the victim was not sexually penetrated, and that she was not afraid of the Defendant. He also points out that he has no prior family violence incidents and that there are no factors which would influence his successful completion of the diversion process. On the other hand, the People argued that the injury suffered by the victim may not have been physical but is in fact that of mental trauma. The People also point out that forensic evaluations in sexual contact cases as opposed to sexual penetration cases would be rare.

Furthermore, the People argued, without citing to any authority, that the diversion process applies only to family violence crimes and not to criminal sexual conduct crimes. However 9 G.C.A. § 30.80 clearly states, in pertinent part, "Upon the determination of the judge, this § 30.80 shall apply whenever a case is before the court upon an accusatory pleading for any criminal act against a family or household member." The Court finds that based on a plain reading of the statute's language, an application for diversion may be made for charges other than family violence. Thus, the court may consider whether the Defendant is diversion eligible despite the fact that his accusatory pleading is for criminal sexual conduct as opposed to family violence.

The question before the court is whether the defendant is diversion eligible. The court finds that he is not. His conduct does not fall within the overall goal of the education and treatment directed specifically at the "violent" conduct of the Defendant. The crime of which the Defendant is charged with is second degree criminal sexual conduct, which entails sexual contact with another, and in this case it is contact with a minor under fourteen years of age which is in

violation of 9 G.C.A. §25.20 (a) (1). "Violence" as contemplated requires bodily injury or fear of bodily injury. 9 G.C.A. §30.10 (a) (1) and (2). This particular crime as charged is not defined under the family violence statute nor does it contain the element of "bodily injury". Bodily injury is defined under 9 G.C.A. § 16.10 as physical pain, illness, unconsciousness or any impairment of physical condition. Although there appears to be no evidence that the five year old victim suffered from any bodily injury, the court agrees with the People that the victim may likely suffer serious consequences as a result of the criminal sexual conduct.

The violence required by the diversion statute is not found in the crime and the facts before this Court. Thus, the Court finds the Defendant to be ineligible.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons the Court **DENIES** the Defendant's Motion for Diversion. This mater is set for further proceedings on August 3, 2009 at 10 a.m.

**SO ORDERED** this ___15___ day of ___July___ 2009.

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam Dated at Hagåtña, Guam

JUL 15 2009

James R. Borja

The People of Guam vs. Damiano Tony CF0023-08
Decision and Order – Motion for Diversion

Page 4 of 4